## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE JONES, on behalf of herself and all others similarly situated, | Case No.: |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, RUSH COMMUNICATIONS, LLC, RUSH COMMUNICATIONS OF NYC, INC., METABANK, and META FINANCIAL GROUP, INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

### PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Nicole Jones brings this action against Defendants UniRush LLC d/b/a UniRush Financial Services, Rush Communications, LLC, Rush Communications of NYC, Inc., Meta Financial Group, Inc. and MetaBank (together "Defendants") by and through her attorneys, individually and on behalf of all others similarly situated, and alleges as follows:

### INTRODUCTION

1.      This is a class action lawsuit brought by Plaintiff on behalf of herself and a class of those similarly situated who enrolled in RushCard's prepaid debit card services ("RushCard").  On or about October 11, 2015, Defendants notified their customers that they would update their computer systems.  As part of this update, customers were informed that they would be unable to access their accounts from 3 a.m. to 8 a.m. on October 12, 2015. After updating their computer systems, however, Plaintiff and many of the members of the putative Class were unable to access their accounts or funds. As of the filing of this Complaint, many members of the putative Class still do not have access to their

H0049322.                                    1

accounts or funds.

2.	As a result of their inability to access their RushCard accounts, Plaintiff and members of the putative class were unable to purchase food and clothing and were unable to make timely housing and automobile payments.

3.	Accordingly, Plaintiff brings this action to redress Defendants' violations of the Pennsylvania consumer protection statute, breach of contract, breach of the fiduciary duty, unjust enrichment, conversion, negligence and common law fraud.

### JURISDICTION

4.	This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different States.  This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.	This Court has personal jurisdiction over Defendants because they have conducted substantial business in this judicial district and placed the RushCards into the stream of commerce in the Eastern District of Pennsylvania and throughout the United States.

### VENUE

6.	Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because Defendants transact business in this District, are subject to personal jurisdiction in this District, and therefore are deemed to be citizens of this District.  Defendants have advertised the RushCard in this District and have received substantial revenue and profits from RushCards; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this District.

## PARTIES

### Plaintiff

7.      Plaintiff Nicole Jones is a mother of four and a citizen of the Commonwealth of Pennsylvania, currently residing in Mountville, Pennsylvania.

8.      Plaintiff signed up for a RushCard in 2010 and has two RushCards.  Her paychecks are directly deposited into her RushCard account.  Plaintiff was unable to access her funds from October 10, 2015 to November 2, 2015 due to the issues with Defendants' computer systems described herein. During the time period Defendants' computer systems prevented Plaintiff access to her account and funds and the balance on both of Plaintiff's RushCards was incorrectly reduced to zero.

9.      As a result of the incorrect zero balance on her RushCards, Plaintiff was unable to pay bills or make purchases with her RushCard from October 10, 2015 to November 2, 2015.

10.      Plaintiff contacted Defendants' customer service department on multiple occasions.  She was only able to speak with a customer service representative on one occasion and was informed that her funds would only be accessible through a Moneypass ATM machine until Defendants resolved the issues with their computer systems.  Plaintiff attempted to withdraw her funds through a Moneypass ATM but was unable to do so.

11.      As a result of being denied access to her funds for over three weeks, Plaintiff was forced to sell an iPhone she received as a graduation present to pay her bills on time and to purchase necessities such as food and gas.

### The Defendants

12.      Defendant UniRush LLC, d/b/a UniRush Financial Services ("UniRush") is limited liability company organized under the laws of the state of Delaware with a principle place of business located at 10625 Techwoods Circle in Cincinnati, Ohio.  UniRush directly provided Plaintiff and the

putative Class with prepaid debit cards.

13.     Defendant Rush Communications LLC, is a limited liability company organized under the laws of the state of New York with its principal place of business located at 512 Seventh Avenue, 43rd Floor in New York, New York.

14.     Defendant Rush Communications of NYC, Inc. is a limited liability company organized under the laws of the state of New York with its principal place of business located at 512 Seventh Avenue, 43rd Floor in New York, New York.

15.     Defendants Rush Communications LLC and Rush Communications of NYC are both entities controlled by Russell Simmons.  There exists, and at all times herein existed, a unity of ownership between Rush Communications LLC and Rush Communications of NYC and their agents such that any individuality or separateness between them has ceased and each of them is the alter ego of the others.

16.     Upon information and belief, Rush Communications, LLC is a holding company for Defendant UniRush.

17.     Defendant MetaBank is a federally charted savings bank with its principal place of business in Storm Lake, Iowa.  MetaBank is the entity responsible for issuing the RushCards to the public.

18.     Defendant Meta Financial Group Inc. is a corporation organized under the laws of the state of Delaware with a principal place of business located at 5501 South Broadband Lane in Sioux Falls, South Dakota.  Upon information and belief, Meta Financial Group Inc. is the holding company for MetaBank.

## FACTUAL ALLEGATIONS

19.     Defendants' RushCard, a prepaid Visa debit card issued by MetaBank, was introduced in

2003 and explicitly endorsed by Russell Simmons, the co-founder of Def Jam Records.

20.     On the RushCard website, Mr. Simmons states that he "created RushCard to improve the financial well-being for millions of people."[1]

21.     The RushCard website also further elaborates on the purpose behind the RushCard:

> Today there are more than 68 million Americans who cannot or choose not to establish a traditional banking relationship. We believe that every American should have access to an affordable place to keep their hard-earned money – one that's safe and convenient. Our goal is to provide people with the financial services and tools that will help them get ahead.[2]

22.     Individuals can sign up for a RushCard through www.rushcard.com.  Defendants offer two plans.  The Rush Unlimited Plan grants the owner unlimited signature and PIN transactions for a monthly fee.  The Pay As You Go plan charges a fee for each purchase up to a maximum fee per month.

23.     After individuals set up a PIN for their RushCard, money can be loaded onto the card in three ways: setting up direct deposit, loading checks at Walmart, and loading cash at retail locations. Once funds are loaded onto the RushCard, the card can be used anywhere Visa debit cards are accepted.

24.     In or around October 11, 2015, Defendants notified their customers that they would be updating their computer systems from 3 a.m. to 8 a.m. eastern standard time on October 12, 2015. During this time period, customers were informed that access to their accounts – including their funds – would be suspended.

25.     Despite promising their customers would have access to their accounts and funds on October 12, 2015 at 8 a.m., technical issues rendered the accounts inaccessible and wrongfully displayed that customers' had no money in their RushCard accounts.

26.     For some lucky customers, they were provided control over their RushCard accounts approximately one week after the update to RushCard's computer systems.  For some unlucky

---

[1] *See* https://www.rushcard.com/ (last visited Nov. 2, 2015).

H0049322.                                            5

customers, they are still unable to access their account as of the filing of this complaint.

27.     As recognized in Defendants' marketing materials, the RushCard was marketed to Americans who are unable to utilize traditional banking relationships.  As a result, RushCard customers rely on their RushCard as their sole method of paying rent or mortgages, making automobile payments, paying utility bills, and purchasing food.

28.     The failure of Defendants' systems caused Plaintiff and members of the putative Class to miss rent and mortgage payments, utility payments, automobile payments, as well as impact their ability to purchase essential items such as food, clothing, and medicine.  For those who were able to regain control of their RushCard accounts and were able to pay their bills, many were charged late fees for missing payment deadlines.

29.     Plaintiff and members of the putative Class have sustained damages as a direct and proximate result of Defendants' actions described herein.

<u>**ARBITRATION CLAUSE UNENFORCEABLE**</u>

30.     Defendants included a clause in the RushCard Cardholder Agreement that, if enforced, would require Plaintiff and the members of the putative Class to arbitrate their claims against Defendants.

31.     Defendants' arbitration clause, however, is unenforceable because it is both substantively and procedurally unconscionable and against established public policy.

32.     Plaintiff and the members of the putative Class were fraudulently induced into selecting RushCard based on Defendants' misrepresentations and omissions regarding the safety, protection and accessibility of customers' funds once they were placed in the care of Defendants.

33.     To the extent Defendants seek to enforce the arbitration clause in the RushCard

---

[2] *See* https://www.rushcard.com/About-Us?clicksource=learnmorebutton (last visited Nov. 2, 2015).

Cardholder Agreement, Plaintiff seeks declaratory relief from this Court holding that the purported

arbitration agreement is void, unconscionable, and unenforceable.

## CLASS ALLEGATIONS

34.     Plaintiff brings this action on her own behalf, and on behalf of a nationwide class

pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3).

**Nationwide Class:**

All persons or entities in the United States who had RushCard accounts prior to October 12, 2015 and were denied access to their accounts and funds on at least one occasion from October 12, 2015 to the present.

35.     In the alternative to the Nationwide Class, and pursuant to FED. R. CIV. P. 23(c)(5),

Plaintiff seeks to represent the following state class only in the event that the Court declines to certify

the Nationwide Class above.  Specifically, the state class consists of the following:

**Pennsylvania Class:**

All persons or entities in Pennsylvania who had RushCard accounts prior to October 12, 2015 and were denied access to their accounts and funds on at least one occasion from October 12, 2015 to the present.

36.     Together, the Nationwide Class and the Pennsylvania Class shall be collectively referred

to herein as the "Class."  Excluded from the Class are Defendants, their affiliates, employees, officers

and directors, persons or entities that have RushCards, and the Judge(s) assigned to this case.  Plaintiff

reserves the right to modify, change, or expand the Class definitions based on discovery and further

investigation.

37.     <u>Numerosity</u>:  Upon information and belief, the Class is so numerous that joinder of all

members is impracticable.  While the exact number and identities of individual members of the Class are

unknown at this time, such information being in the sole possession of Defendants and obtainable by

Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that thousands

of individuals have RushCards and were affected by the events described above.

38.     Existence and Predominance of Common Questions of Fact and Law:  Common questions of law and fact exist as to all members of the Class.  These questions predominate over the questions affecting individual Class Members.  These common legal and factual questions include, but are not limited to, whether:

      a.  Defendants breached their contracts with RushCard customers;

      b.  Defendants owed a fiduciary duty to their RushCard customers;

      c.  Defendants breached their fiduciary duty to their RushCard customers;

      d.  Defendants' conduct constitutes actionable negligence;

      e.  Defendants have been unjustly enriched; and

      f.  Defendants' conduct violates the Pennsylvania consumer protection statute.

39.     Typicality:  All of Plaintiff's claims are typical of the claims of the Class since Plaintiff signed up for a RushCard, as did each member of the Class.  Furthermore, Plaintiff and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Defendants' wrongful conduct.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent Class Members.

40.     Adequacy:  Plaintiff is an adequate representative because her interests do not conflict with the interests of the Class that she seeks to represent, she has retained counsel competent and highly experienced in complex class action litigation, and she intends to prosecute this action vigorously.  The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

41.     Superiority:  A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class.  The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class could afford such individual litigation, the court system could not.

Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized

litigation increases the delay and expense to all parties, and to the court system, presented by the

complex legal and factual issues of the case. By contrast, the class action device presents far fewer

management difficulties, and provides the benefits of single adjudication, an economy of scale, and

comprehensive supervision by a single court.

42.     Ascertainability:  Upon information and belief, members of the Class can be readily

identified and notified based on, *inter alia*, Defendants' business records.

43.     Defendants have acted, and refused to act, on grounds generally applicable to the Class,

thereby making appropriate final equitable relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW ("UTPCPL")**
**(73 Pa. C.S.A. § 201-1, *et seq*.)**
**(On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)**

44.     Plaintiff and the Nationwide Class (or, in the alternative, the Pennsylvania Class)

incorporate by reference each preceding and succeeding paragraph as though fully set forth at length

herein.

45.     The conduct alleged above constitutes unfair methods of competition or unfair or

deceptive acts or practices in violation of Section 201-2(4)(v),(vii), (xiv) and (xxi) of the UTPCPL, 73

Pa. C.S.A. §§ 201-1, *et seq.*

46.     Defendants used and employed unfair methods of competition and/or unfair or deceptive

acts or practices within the meaning of 73 Pa. C.S.A. §§ 201-2 and 201-3

47.     Plaintiff and Class members are consumers who signed up for RushCard accounts.

48.     In the course of Defendants' business, they knowingly concealed, suppressed, and

omitted the fact that the RushCards would not be available for longer than the hours of 3 a.m. to 8 a.m.

H0049322.                                                9

on October 12, 2015, with the intent that Plaintiff and the proposed class rely upon that concealment, suppression, and omission.

49.     Defendants also represented that RushCard customers would have unfettered access to their funds and accounts – other than between 3 a.m. and 8 a.m. on October 12, 2015 – with the intent that their customers rely on such representations.

50.     Defendants also made representations that once customers deposited their funds in their RushCard accounts, their funds would be secure and protected.

51.     Defendants' concealments, omissions, deceptions and conduct were likely to deceive and likely to cause misunderstanding and/or in fact caused Plaintiff and the Class to be deceived.

52.     Defendants intended that Plaintiff and the Class would rely on their misrepresentations, concealment, warranties, deceptions and/or omissions.

53.     Defendants' actions as set forth above occurred in the conduct of trade or commerce.

54.     Plaintiff and the Pennsylvania Class have been damaged as a proximate result of Defendants' violations of the UTPCPL and have suffered actual, ascertainable losses.

55.     As a direct and proximate result of Defendants' violations of the UTPCPL as set forth above, Plaintiff and the Class have suffered an ascertainable loss of money and are therefore entitled to relief, including damages, plus triple damages, costs and attorneys' fees under Section 201-9.2 of the UTPCPL.

56.     Plaintiff's and other class members' damages are the direct and foreseeable result of Defendants' unlawful conduct.  Had the true nature of the RushCards been disclosed, consumers would not have selected the RushCards and deposited money in their RushCard accounts.

57.     To the extent that justifiable reliance is required to be pleaded, Plaintiff and the Class have justifiably relied on the Defendants' conduct and/or omissions as alleged herein in selecting and using Defendants' RushCards.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
### (On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)

58.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

59.     A contract was created between Defendants and Plaintiff and each member of the putative Class at the time they signed up for a RushCard account.

60.     As consideration for Defendants' offer of a safe and convenient place to store their funds, Plaintiff and the putative Class deposited their funds into RushCard accounts and paid monthly fees and other charges for their RushCards.

61.     Defendants breached the terms of the contracts with Plaintiff and the putative Class by denying them access to their accounts and funds.

62.     Plaintiff notified Defendants of the breach within a reasonable time, and/or was not required to do so because affording Defendants a reasonable opportunity to cure their breach of contract warranty would have been futile.

## THIRD CAUSE OF ACTION
## COMMON LAW FRAUD
### (On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)

63.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

64.     Defendants made material misrepresentations and omissions concerning a presently existing or past fact.  For example, Defendants misrepresented that RushCard customers would have complete access to their funds – other than between 3 a.m. and 8 a.m. on October 12, 2015 – and misrepresented that customers' funds would be secure, protected, and accessible.  As a result, Plaintiff and the other Class Members were fraudulently induced to open RushCard accounts and deposit their

funds.  Defendants omitted that customers' funds were not secure, protected, and accessible and that

Defendants' computer systems would fail and prevent access to customers' funds.

65.      These omissions and misrepresentations were made by Defendants with knowledge of

their falsity, and with the intent that Plaintiff and the Class Members rely on them.

66.      Plaintiff and the Class Members reasonably relied on these omissions and

misrepresentations, and suffered damages as a result.

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE**
**(On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)**

67.      Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph

as though fully set forth at length herein.

68.      Defendants owed duties to Plaintiff and the putative Class to use reasonable care to

protect, secure, and make readily accessible their customers' funds.

69.      Defendants breached their duties to Plaintiff and the putative Class by failing to provide

their customers with access their funds and accounts.

70.      Defendants breached their duties to Plaintiff and the putative Class by failing to provide

computer systems that were capable of providing timely access to their customers' accounts and funds.

71.      Defendants breached their duties to Plaintiff and the putative Class by failing to institute

measures to secure customer funds and provide their customers with timely and accurate account

balances and funds.

72.      Defendants breached their duties to communicate accurate information about the

computer system update and when customers could access their accounts and funds.

73.      Plaintiff and the putative Class justifiably relied upon the information supplied and

representations made by Defendants.

74.     As a direct and proximate result of Defendants' negligence, Plaintiff and the proposed

Class have sustained damages.

### FIFTH CAUSE OF ACTION
### UNJUST ENRICHMENT
**(On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)**

75.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph

as though fully set forth at length herein.

76.     As the intended and expected result of their conscious wrongdoing, Defendants have

profited and benefited from the purchase of RushCards by Plaintiff and the Class.

77.     Defendants have voluntarily accepted and retained these profits and benefits, with full

knowledge and awareness that, as a result of Defendants' misconduct, Plaintiff and the Class were not

receiving RushCards of the quality or value that had been represented by Defendants, and that

reasonable consumers expected.

78.     Defendants have been unjustly enriched by their fraudulent and deceptive withholding of

benefits to Plaintiff and the Class, at the expense of these parties.

79.     Equity and good conscience militate against permitting Defendants to retain these profits

and benefits.

### SIXTH CAUSE OF ACTION
### CONVERSION
**(On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)**

80.     Plaintiff and the Class incorporate by reference each preceding and succeeding

paragraph as though fully set forth at length herein.

81.     Plaintiff and the members of the putative Class all deposited funds into their RushCard

accounts prior to October 12, 2015.

82.     Defendants knowingly and intentionally exercised control of the funds rightfully

belonging to Plaintiff and the putative Class, retained such funds, and wrongfully denied Plaintiff and the putative Class from timely access to their funds.

83.     Defendants also unlawfully imposed fees upon Plaintiff and the putative Class in connection with their retention and control over their funds, depriving them of access and control over their property.

84.     As a result, Plaintiff and the putative Class have been damaged in amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**
**(On Behalf of the Nationwide Class or, Alternatively, the Pennsylvania Class)**

85.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

86.     Defendants owed a fiduciary duty to Plaintiff and the putative Class to protect, secure, and provide access to all funds that lawfully belonged to Plaintiff and the putative Class.

87.     Defendants breached those fiduciary duties by denying access to funds that Defendants had no lawful right to deny and levied unlawful fees on Plaintiff and the putative Class during the times Plaintiff and the putative Class were denied access to their funds.

88.     As a result, Plaintiff and the putative Class have been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, respectfully requests that this Court:

A.  determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as

defined above;

B.  appoint Plaintiff as the representative of the Class and their counsel as Class counsel;

C.  award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiff and the Class Members are entitled;

D.  award pre-judgment and post-judgment interest on such monetary relief;

E.  grant appropriate injunctive and/or declaratory relief, including, without limitation, an order enjoining Defendants from continuing the unlawful practices described herein;

F.  award reasonable attorneys' fees and costs; and

G.  grant such further relief that this Court deems appropriate.


Dated:  November 5, 2015                                  Respectfully submitted,



                                                         By: */s/ Benjamin F. Johns*
                                                         Benjamin F. Johns (PA #201373)
                                                         Joseph G. Sauder (PA #82467)
                                                         Matthew D. Schelkopf (PA #89143)
                                                         Joseph B. Kenney (PA #316557)
                                                         CHIMICLES & TIKELLIS LLP
                                                         One Haverford Centre
                                                         361 West Lancaster Avenue
                                                         Haverford, PA 19041
                                                         Telephone: (610) 642-8500
                                                         Facsimile: (610) 649-3633
                                                         E-mail: JGS@chimicles.com
                                                                 MDS@chimicles.com
                                                                 JBK@chimicles.com

                                                         Thomas B. Malone (PA #77291)
                                                         The Malone Firm, LLC
                                                         1650 Arch Street, Suite 1903
                                                         Philadelphia, PA 19103
                                                         Telephone: 215-987-5200
                                                         Email: tmalone@themalonefirm.com

H0049322.                              15